IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARSHALL WAYNE WOODARD and | ) | Case No. 09-10201 |
| BETH MANN WOODARD, | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on April 30, 2009 upon the Motion to Compel Filing of Form B22A or in the Alternative, to Dismiss Case (the "Motion to Compel"), filed by the United States Bankruptcy Administrator on April 7, 2009. At the hearing, Jennifer F. Adams appeared on behalf of the above-referenced debtors (the "Debtors"), and Michael D. West appeared in his capacity as the Bankruptcy Administrator. After consideration of the Motion to Compel, the evidence presented at the hearing, the arguments of the parties, and the relevant law, the Court will grant the Motion to Compel.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), which this Court has the jurisdiction to hear and determine.

## II.  FACTS

On February 9, 2009, the Debtors filed their Chapter 7 bankruptcy.  Along with their petition, the Debtors filed all of the documents required by Section 521(a)(1).  However, the Debtors did not complete their Form B22A (Official Form 22A) except to check the box at the top of the first page that states, "The presumption does not arise."  They signed the form, and on an additional page titled "Current Monthly Income Details for the Debtor," the Debtors provided information on their income during the six months prior to their bankruptcy.[1]  On the petition date, the Debtors owed $184,604.14 to Beneficial Consumer Finance, which indebtedness was secured by liens on the Debtors' residence.  The Debtors have no priority debt and $59,429.10 in unsecured debt.[2]  At the hearing, the Debtors explained that since their debts were not primarily consumer debts, they were not required to complete Form B22A.  They based their position on the argument that their secured debts are not "consumer debts" as defined by Section 101(8).

On April 7, 2009, the Bankruptcy Administrator filed the Motion to Compel.  The Bankruptcy Administrator argues that the Debtors' secured indebtedness is consumer debt under Section 101(8).  Because the ratio of consumer debt to non-consumer debt determines whether a debtor's debts are "primarily consumer debts" pursuant to Section 707(b)(1), and because the Debtors' secured indebtedness should be included in that calculation, the Bankruptcy Administrator argues that the Debtors' debts are primarily consumer debts and, consequently,

---

[1] The Debtors indicated that they had income of $5,646.00 from August 1, 2008 through January 31, 2009, which is an average of $941.00 per month.

[2] Of this amount, the Debtors indicated that $45,953.09 was business debt and that $13,476.01 was non-business or consumer debt.

that the Debtors are required, pursuant to Sections 521(a)(1) and 707(b)(2)(C), to complete and file their Form B22A.  The Bankruptcy Administrator requests the Court to compel the Debtors to complete their Form B22A or, in the alternative, to dismiss their case pursuant to Section 707(a)(3).

### III.  DISCUSSION

**A.  Debts Secured by a Debtor's Personal Residence Are Consumer Debts**

As part of the information required by Section 521(a)(1), a debtor is required to file a statement of her current monthly income and the calculations that determine whether a presumption arises under Section 707(b)(2)(A)(I).  11 U.S.C. § 707(b)(2)(C).  These calculations are submitted on Form B22A.  A debtor is not required to complete Form B22A if her debts are not "primarily consumer debts."  11 U.S.C. § 707(b)(1).

Pursuant to Section 101(8), a consumer debt is a "debt incurred by an individual primarily for a personal, family, or household purpose."  In deciding whether a particular debt constitutes a consumer debt, courts look to the purpose of the debt to determine whether it falls within the statutory definition.  In re Price, 353 F.3d 1135, 1139 (9th Cir. 2004); Cypher Chiropractic Center v. Runski (In re Runski), 102 F.3d 744, 746-47 (4th Cir. 1996) (interpreting the language of § 101(8) in the context of deciding whether a debtor could redeem equipment from a secured creditor's lien under Section 722); Kestell v. Kestell (In re Kestell), 99 F.3d 146, 149 (4th Cir. 1996); Zolg v. Kelly (In re Kelly), 841 F.2d 908, 913 (9th Cir. 1988); In re Davis, 378 B.R. 539, 546-47 (Bankr. N.D. Ohio 2007); In re Sudderth, No. 06-10660, slip op. at 1 (Bankr. M.D.N.C. Jan. 9, 2007) (Stocks, J.) (2007 WL 119141); In re Ulmer, No. 03-83209, slip op. at 2 (Bankr. M.D.N.C. May 24, 2004) (Stocks, J.) (2004 WL 3510118); In re Collins, No. 03-

12750, slip op. at 1 n.1 (Bankr. M.D.N.C. Apr. 2, 2004) (Stocks, J.) (2004 WL 3510107); In re Warren, No. 03-11434, slip op. at 1 (Bankr. M.D.N.C., Jan. 15, 2004) (Stocks, J.) (2004 WL 229523); In re Schmonsees, No. 01-10844, slip op. at 2 (Bankr. M.D.N.C. Sept. 21, 2001) (Stocks, J.) (2001 WL 1699664); Harris v. Margaretten & Co. (In re Harris), 203 B.R. 46, 50 (Bankr. E.D. Va. 1994).  The amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to Section 707(b) did not affect the definition of "consumer debt" or the requirement that a debtor's debts be primarily consumer debts for Section 707(b) to apply.  Therefore, cases decided prior to BAPCPA that analyze "consumer debt" remain good law.  See In re Naut, No. 07-20280, slip op. at 5 n.16 (Bankr. E.D. Pa. Jan. 22, 2008) (2008 WL 191297).

An overwhelming majority of courts that have considered the issue of whether debt secured by real property used as a debtor's personal residence is consumer debt have held in the affirmative, as a personal residence is intended primarily for personal, family, or household use rather than for profit.  See Price, 353 F.3d at 1139; In the Matter of Booth, 858 F.2d 1051, 1055 (5th Cir. 1988); Kelly, 841 F.2d at 913; Cox v. Fokkena (In re Cox), 315 B.R. 850, 855 (B.A.P. 8th Cir. 2004); Morris v. Zabu Holding Co. (In re Morris), 385 B.R. 823, 829 (E.D. Va. 2008); Guaranty Sav. & Loan Ass'n v. Lowe (In re Lowe), 109 B.R. 698, 699 (W.D. Va. 1990); In re Hlavin, 394 B.R. 441, 445-46 (Bankr. S.D. Ohio 2008); Naut, slip op. at 5-6; Davis, 378 B.R. at 547; King v. Wells Fargo Bank, N.A. (In re King), 362 B.R. 226, 230 (Bankr. D. Md. 2007); In re Poindexter, No. 04-81471, slip op. at 1 (Bankr. M.D.N.C. Dec. 28, 2004) (Stocks, J.) (2004 WL 3019347); Ulmer, slip op. at 2; In re Shinn, No. 04-10038, slip op. at 2 (Bankr. M.D.N.C. Sept. 14, 2003) (Stocks, J.) (2003 WL 23784151); Schmonsees, slip op. at 2; In re Hall, 258 B.R.

45, 49-50 (Bankr. M.D. Fla. 2001); In re Praleikas, 248 B.R. 140, 144-45 (Bankr. W.D. Mo. 2000); In re Bertolami, 235 B.R. 493, 496-97 (Bankr. S.D. Fla. 1999); In re Dickerson, 193 B.R. 67, 70 (Bankr. M.D. Fla. 1996); In re Vianese, 192 B.R. 61, 68 (Bankr. N.D.N.Y. 1996); In re Gentri, 185 B.R. 368, 372 (Bankr. M.D. Fla. 1995); Harris, 203 B.R. at 50; In re Tindall, 184 B.R. 842, 844 (Bankr. M.D. Fla. 1994); In re Goodson, 130 B.R. 897, 900 (Bankr. N.D. Okla. 1991); In re Bryant, 47 B.R. 21, 26 (Bankr. W.D.N.C. 1984).  Furthermore, courts have rejected the argument that a debtor's subjective hope that his personal residence would appreciate in value constitutes an investment and that therefore the debt should be considered "non-consumer."  See Cox, 315 B.R. at 855; Naut, slip op. at 6 ("Debtor did not lease the Heather Lane home to a tenant or use it for any other business purpose.  Although Debtor, like all other homeowners, apparently hoped that the Heather Lane home would appreciate in value, the objective evidence in the record shows that the Heather Lane home was purchased and used as Debtor's personal residence.  I find that such use constitutes 'family or household purpose' under Section 101(8) of the Bankruptcy Code.").

There is a line of older cases that hold that debt secured by real property can never be considered consumer debt.  See In re Restea, 76 B.R. 728, 734 (Bankr. D.S.D. 1987);[3] In re Ikeda, 37 B.R. 193, 194-95 (Bankr. D. Haw. 1984); Brunswick Employees Credit Union v. Nenninger (In the Matter of Nenninger), 32 B.R. 624, 626 (Bankr. W.D. Wis. 1983); Gibbs v. Randolph (In re Randolph), 28 B.R. 811, 813 (Bankr. E.D. Va. 1983); In re Stein, 18 B.R. 768,

---

[3] In the Debtors' Response and Memorandum Objecting to Bankruptcy Administrator's Motion to Compel Filing of Form B22A or to Dismiss Case, filed on April 29, 2009, Debtors' counsel supported her argument by citation to an opinion apparently decided by the Eighth Circuit.  However, Restea was decided by the United States Bankruptcy Court for the District of South Dakota, not the United States Court of Appeals for the Eighth Circuit.

769 (Bankr. S.D. Ohio 1982). These cases rely on legislative history prior to the enactment of the Bankruptcy Code, which provides that the definition of "consumer debt does not include a debt to any extent the debt is secured by real property." Randolph, 28 B.R. at 813 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess. (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6438). However, the cases that have considered this legislative history argument have rejected it in favor of the plain language of the Code. See, e.g., Kelly, 841 F.2d at 912; Lowe, 109 B.R. at 699; Hlavin, 394 B.R. at 445-46; Harris, 203 B.R. at 50. In Kelly, the court reasoned that legislative history is irrelevant to an unambiguous statute, and the statutory language precisely addresses the situation. 841 F.2d at 912 (quoting United Air Lines, Inc. v. McMann, 434 U.S. 192, 199 (1977)). In addition to the definition of consumer debt as "debt incurred by an individual primarily for a personal, family, or household purpose,"[4] "debt" means "liability on a claim,"[5] and "claim" is broadly defined as any "right to payment, whether or not such right is . . . secured, or unsecured."[6] Id. Therefore, the Kelly court concluded that consumer debt includes secured debt, and there is no indication that debts secured by real property are to be treated any differently. Id. The court stated that "the statutory scheme so clearly contemplates that consumer debt include debt secured by real property that there is no room left for any other conclusion." Id.[7]

---

[4] 11 U.S.C. § 101(7) (1982) (currently § 101(8))

[5] 11 U.S.C. § 101(11) (1982) (currently § 101(12))

[6] 11 U.S.C. § 101(4)(A) (1982) (currently § 101(5)(A)).

[7] In addition, at least one court has rejected the contention that "primarily consumer debts" refers only to debts sought to be discharged. Price, 353 F.3d at 1141. In Price, the debtor argued that the philosophy of Section 707(b) is premised on the protection of consumer creditors, therefore a finding of substantial abuse cannot be made when the debt to be discharged

6

The Court concludes that a debt secured by a debtor's residence is a consumer debt within the meaning of Section 101(8) of the Bankruptcy Code. Therefore, a debtor must include such debt in a determination of whether her debts are "primarily consumer debts" under Section 707(b). In this case, the Debtors' total consumer debts are $205,580.15 and their total business debts are $45,953.09. Because the amount of their consumer debt is greater than that of their non-consumer debt, the Court finds that the Debtors' debts are "primarily consumer debts." See Poindexter, slip op. at 1.

**B. The Debtors Are Required to Complete and File Their Form B22A**

Section 521(i)(1) provides that if an individual debtor in a voluntary case under Chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the forty-sixth day after the date of the filing of the petition. 11 U.S.C. § 521(i)(1). Under the facts of this case, can this Court allow the Debtors an additional period of time to comply with the statute? Several courts have noted their lack of discretion in this area. See In re Reyes, No. 06-32767, slip op. at 3 (Bankr. E.D. Tenn. Jan. 31, 2007) (2007 WL 338066) ("[A] case is "automatically" dismissed on the 46th day if an individual debtor fails to file any of the documents set forth in § 521(a)(1), including statements, schedules, and payment advices . . . . The cases are clear that there is no discretion. Barring a timely-filed motion by the trustee, the case must be dismissed."); In re Beacher, 358 B.R. 917, 922-923 (Bankr. S.D. Tex. 2007)

---

is not consumer in nature. Id. at 1140. Finding that the statutory language was unambiguous, the Ninth Circuit noted that if Congress meant "primarily consumer debts" to refer to those debts sought to be discharged rather than the aggregate amount of debts listed on the schedules, it could have easily imposed such a restriction. Id. at 1141.

(concluding that § 521(i)(1) is inflexible both as to the consequences of failure to file the information, if it is required, and as to the length of time that the Court can extend the deadline if an extension is requested); In re Spencer, No. 06-00314, slip op. at 1 (Bankr. D.D.C. Dec. 22, 2006) (2006 WL 3820702) ("[F]or a case to be dismissed pursuant to § 521(i)(1), there is no necessity for notice and a hearing, no showing of cause is required, and the court has no discretion not to dismiss the case."); In re Lovato, 343 B.R. 268, 270 (Bankr. D.N.M. 2006) ("After the expiration of the time limits set forth in 11 U.S.C. § 521(i)(1), the Court is left with no discretion to allow the Debtor additional time within which to comply with the requirement for submission of payment advices."); In re Ott, 343 B.R. 264, 268 (Bankr. D. Colo. 2006) ("After the expiration of the specified period set forth in 11 U.S.C. § 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom."). Because the Debtors signed and filed their Form B22A under the mistaken belief that their debts were not primarily consumer debts and that therefore they had completed the form, and because they provided much of the information required by Form B22A in an addendum to the form, the Court will allow the Debtors to amend their Form B22A.

## IV. CONCLUSION

For the reasons stated above, a debt secured by a debtor's residence is a consumer debt within the meaning of Section 101(8) of the Bankruptcy Code. The Debtors' total consumer debts exceed their total non-consumer debts. Thus, the Debtors' debts are primarily consumer debts. The Motion to Compel will be granted.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARSHALL WAYNE WOODARD and | ) | Case No. 09-10201 |
| BETH MANN WOODARD, | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| _____ | ) | |

**PARTIES IN INTEREST**

Marshall and Beth Woodard

Jennifer F. Adams, Esq.

Michael D. West, Esq.